UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELIZABETH LONG AND KENDRIK BOLSEN | § § § | |
| | § | CIVIL ACTION NO. _____ |
| V. | § § | JURY DEMANDED |
| RANDY MORRIS REALTY, LLP D/B/A MORRIS REALTY, and RANDY D. MORRIS | § § | |

### DEFENDANTS' RANDY MORRIS AND RANDY MORRIS REALTY, LLP D/B/A RANDY MORRIS NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1.  Pursuant to 28 U.S.C. §§ 1331 and 1441(a-c), Defendants Randy Morris and Randy Morris Realty, LLP d/b/a Randy Morris file their notice of removal of this civil action to the United States District Court for the Western District of Texas, San Antonio Division. In support of this Notice of Removal, Defendants respectfully shows as follows:

2.  On September 1, 2020, Plaintiffs Elizabeth Long and Kendrik Bolsen filed their Original Petition in Cause No. 2020-CI-16696; *Elizabeth Long and Kendrik Bolsen v. Randy Morris, et al.*, in the 285th Judicial District Court Bexar County, Texas, naming as the Defendants Randy Morris Realty, LLP D/b/a Morris Realty, and Randy D. Morris, individually. Plaintiffs' Petition indicates that they seek to hold Defendants liable under the Fair Credit Report Act, Public Law No. 91-508, as a furnisher of information to consumer reporting agencies as well as claims of defamation; breach of contract; and violation of the Texas Finance Code § 391.002. *See* Plaintiffs' Original Petition, as part of Exhibit A.

3.  Plaintiffs' return of service indicates that Citation was served on Randy Morris Realty, LLP on September 28, 2020. *See* Exhibit A, an index of documents filed in the state court proceeding. Therefore, Defendants' notice of removal is timely under 28 U.S.C. § 1446(b).

4. True and correct copies of all documents filed in the state court proceeding are attached hereto and incorporated herein by reference. *See* Exhibit A. Plaintiffs are *pro se* and Defendants have attached as Exhibit B list of all counsel of record.

5. Defendant would show that this case is removable under 28 U.S.C. § 1331 and 1441(a-c). Under Title 28, § 1441(a), removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over civil cases that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C § 1331. United States Supreme Court case law holds, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

6. Here, Plaintiffs bring several claims that fall under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, as well as Texas common law claims including breach of contract, defamation, and a statutory cause of action. For the reasons shown below, the FCRA federally preempts Plaintiffs' causes of action entirely.

7. Plaintiffs' claims arise and involve federal questions and any other claims asserted by Plaintiff are completely preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et al. The FCRA contains applicable preemption statutes including §§ 1681h(e) and 1681t(b)(1)(F). A review of the applicable statutes show that Plaintiffs' claims are completely preempted and removal is proper.

8. When the FCRA was initially enacted in 1970, it included § 1681h(e), which provided that:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with

respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

9. After 26 years of utilization, in 1996, the FCRA was amended to include 15 U.S.C. §§ 1681t(b)(1)(F) and 1681s-2, a far more reaching preemption doctrine. Under § 1681t(b)(1)(F), the FCRA provides:

> No requirement or prohibition may be imposed under the laws of any State—
> (1) with respect to any subject matter regulated under—
> ...
> (F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies....

10. These amendments indicate the Congressional legislature's intention to broaden the preemption of the FCRA to preempt any "requirement or prohibition" that may "imposed under the laws of any state." *See* 15 U.S.C. § 1681t(b)(1)(F).

11. As shown by Plaintiffs own Petition, they concede that Section 1681s-2 is alleged to be applicable here, as they cite to § 1681s-2's statutory language as "Cause of Action- 623 Responsibility of Furnishers of Information to Consumer Reporting Agencies [15 U.S.C. § 1681-2]." *See* Plaintiffs' Petition at ¶ IX. Therefore, pursuant to the FCRA's preemption statutes of §§ 1681h(e) and 1681t(b)(1)(F), Plaintiffs' causes of action are entirely Federally preempted as the statute provides "no requirement or prohibition may be imposed under the laws of any State" as it relates to furnishers, as Plaintiffs allege Defendants to be. Accordingly, Defendants respectfully assert that all claims of Plaintiffs are preempted as clearly interpreted by the statute.

12. All named and served Defendants consent to this removal.

13. Defendant and Plaintiffs demanded a jury trial in the state court action, and the appropriate fee has been paid.

14. This Notice of Removal will be provided to Plaintiffs by service of a copy upon Plaintiffs, in accordance with 28 U.S.C. §1446(d). Further, a copy of this Notice of Removal will be filed with the District Clerk of Bexar County, in accordance with 28 U.S.C. §1446(d).

15. Therefore, Defendants pray that this cause be removed from the 285th District Court of Bexar County, Texas, to this Court, and for all other relief to which Defendant may be entitled.

Respectfully submitted,

HARTLINE BARGER LLP

*/s/ Marshall G. Rosenberg*
Marshall G. Rosenberg
mrosenberg@hartlinebarger.com
State Bar No. 12771450
John Busch
State Bar No. 24081914
jbusch@hartlinebarger.com
State Bar No. 13678700
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone: 713-759-1990
Facsimile: 713-652-2419

ATTORNEYS FOR DEFENDANTS

Certificate of Service

     I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by the method(s) indicated on October 23, 2020.

*Via e-Serve:*

Kendrik C. Bolsen
16903 Vista Briar Drive,
San Antonio, Texas 78247
kcbolsen@gmail.com

*Via e-serve:*

Elizabeth A. Long
16903 Vista Briar Drive
San Antonio, Texas 78247
Eal62@outlook.com

                                                                              ***/s/ Marshall G. Rosenberg***
                                                                              Marshall G. Rosenberg